## PASA v. RALPH.

[No. 368A49. Filed October 7, 1969. No petitions for rehearing or transfer filed.]

*Chris J. Pappas* and *Bruce E. Sayers*, of Gary, for appellant.

*Spangler, Jennings, Spangler & Daugherty, Duane V. Stoner, Harry J. Jennings* and *John McQuillan*, all of Gary, for appellee.

PFAFF, C.J.—On May 27, 1962, appellant's vehicle was involved in a collision with a vehicle driven by one William Ralph, aged 21, who, at the time of the accident, resided at 502 West 36th Avenue, Gary, Indiana. The driver of the automobile gave this name, age and address at the time of the accident, and the same are recited in the official police report and investigation of the accident. On the same date another William Ralph, the father of the William Ralph involved in the accident, resided at the same address. Thus, both father and son bear the same name, and at the time of the accident in question resided at the same address.

On June 2, 1962, only a few days after the accident, William Ralph, the son, moved from 502 West 36th Avenue, Gary, to 665 Filmore, Gary, where he resided for a year, and then subsequently moved to 746 West 70th Place, Crown Point, Indiana, where he resided at the time he testified.

Appellant filed her complaint for damages on February 18, 1964, in the Lake Superior Court, Room No. 4, with the named defendant being William Ralph. Appellant, by praecipe, directed that summons be issued upon William Ralph, 502 West 36th Avenue, Gary, Indiana. Said summons and a copy of the complaint were duly served on William Ralph, 502 West 36th Avenue, Gary, Indiana, said William Ralph being the father, as he was the sole William Ralph then residing at that address.

The copy of the complaint served with the summons de-

scribed the intended defendant as a male named William Ralph, who was the driver of the automobile which allegedly struck plaintiff-appellant at a specific time and place. William Ralph, the father, accepted service, believing that he was subject to liability because he owned the automobile involved in the collision, but he also knew that his son had been driving the automobile involved in the collision. The father subsequently contacted his insurance company, whereupon counsel was retained in defense of the suit. Thereafter, the father appeared by counsel and responded to appellant's complaint, denying all the allegations thereof. Subsequent to this appearance the father secured a change of venue to the Porter Circuit Court.

During the taking of the discovery deposition of William Ralph, appellant's counsel, learning for the first time that the William Ralph who was appearing for that deposition of conditional examination as defendant was not the William Ralph who drove the car that collided with appellant's vehicle, and that service had been had upon the wrong William Ralph, on March 29, 1965, requested the Porter Circuit Court to issue an alias summons directed to William Ralph, the son, at the son's new address. The motion for alias summons was granted and summons was thereafter served on William Ralph, the son, on May 15, 1965.

William Ralph, the son, has at all times been a resident of Lake County, and has not engaged in or transacted any business in Porter County, Indiana.

On March 25, 1966, William Ralph, the son, appeared specially by counsel and filed his plea in abatement on the grounds that appellant had not commenced an action against the said William Ralph, the son; that the action was not commenced in the proper county and that, therefore, the Porter Circuit Court was without jurisdiction over William Ralph, the son. On March 6, 1967, the Porter Circuit Court sustained the appellee's plea in abatement, and subsequent to the overruling of appellant's motion for new trial, which stated that the decision

was contrary to law and not sustained by sufficient evidence, this appeal followed.

At issue herein is whether the Porter Circuit Court was correct in its judgment that the action abate as to the son, William Ralph.

We have here the most unlikely circumstances of two individuals with the same name residing at the same address on the date of the accident. Service, expressly intended for the defendant son, was on a mistaken belief, accepted by the father. The general defense of a total denial was entered in response to the complaint, and appellant had no reason to believe or even suspect that the defendant had not been properly notified or that he had even moved from the address originally given, or, further, that the father bore the same name and resided at the same address. Under these circumstances, and in view of the uncontradicted record, it was error to abate the action.

It was apparent to all concerned that appellant never intended to sue William Ralph, the father. Nevertheless, because of the unusual circumstances, and the error of sustaining the plea in abatement, trial is now pending against the father in the Porter Circuit Court.

The parties hereto expressly agree that no issue or question of venue is presented herein. This is fortunate, as the record is incomplete as to how the change of venue was accomplished. We are, therefore, only concerned with the plea in abatement which, in essence, stated that alias summons was insufficient and improper under the facts of this case.

Alias summons is the proper procedure to summon a party to an action who, for some reason, has not been properly notified. I Wiltrout Ind. Civ. Proc. § 385, p. 443; Acts 1881 (Spec. Sess.), ch. 38, § 367, p. 240, as last amended by Acts 1967, ch. 110, § 1, p. 204 (§ 2-801, Burns' 1967 Repl. and § 2-1905, Burns' 1968 Repl.)[1]

---

[1] These sections were repealed by Acts 1969, ch. 191, § 3, but such Acts are not effective until January 1, 1970.

It is contended that the father, who resided at 502 West 36th Avenue, Gary, Indiana, was the party defendant, and as such was properly notified by the original summons. The father did appear by counsel and answered in general denial. The record fails to disclose the reasons for the father's appearance and answer by counsel, inasmuch as the complaint charged negligence in the operation of the vehicle, and the record fully shows that the father knew of his son's accident and further knew that his son was driving the vehicle which collided with appellant's vehicle. Although the father, in good faith, appeared and answered the complaint, it cannot be said that he is truly a party to this action. The complaint does not charge negligence in owning the vehicle, but in the negligent operation of a vehicle. Fortunately, we are not called upon to answer the question of why, in view of these facts, the father, the owner of the car, chose to appear, defend and then secure a change of venue. It was only after the change of venue that appellant, upon the taking of the deposition of William Ralph, learned that the father had appeared and answered. It was at this time that appellant requested issuance of alias summons. The record is without even an inference that prior to this time the appellant knew of the existence of William Ralph, the father, or that the intended party defendant, appellee William Ralph, had not received summons, appeared and answered.

Appellee contends that alias summons was not proper because he was not a party to the action prior to May 11, 1965, when alias summons was issued. This is incorrect. It is most definite that appellant always intended to sue the driver of the vehicle which allegedly struck her from behind. This fact appears on the face of the complaint, and appellant, as shown by the record, has always attempted to maintain the action against William Ralph, the son. Therefore, alias summons was the proper method of summoning William Ralph, the son, who, because of the unusual circumstances unknown to the appellant, was originally not properly

notified of the action pending against him. The complaint named the driver of the vehicle, the son, as the party defendant. Thus, the son was the only defendant in the suit and the procedure of alias summons was employed to properly notify him that appellant had instigated litigation against him.

In view of what we have heretofore stated to be the uncontradicted evidence in the proceedings herein, the judgment that the action abate as to William Ralph, the son, was not sustained by sufficient evidence.

The motion to dismiss this appeal heretofore submitted by the appellee, and by order of this court held in abeyance pending our decision on the merits, is hereby overruled.

The judgment of the Porter Circuit Court is reversed and the cause remanded for further proceedings not inconsistent with this opinion. The costs of this appeal shall be assessed against the appellee.

Sharp, J., concurs; Hoffman, J., concurs with opinion; White, J., concurs in result.

---

NOTE: On January 1, 1970, the new Indiana Rules of Procedure become effective, and in view of the novel fact situation of this case, we believe it interesting to note the effect of the new rules on a situation similar to this after said date.

We readily agree that the result of this case complements and is in accord with the philosophy of and basis for our new code of procedure, which was designed to remedy the procedural complexities so evident in this case. We find two new rules of great value, but before summarizing their import as regards this case, we must state that the following comments are not intended to question or criticize the attorneys of record herein, nor are they in any way intended to infer that counsel acted in a manner inconsistent with present standards of practice. As of January 1, 1970, however, standards of practice in this jurisdiction must necessarily be modified so as to conform to the mandates inherent in our new procedure, and, for this reason, we believe it essential to state how and why this court will reach the same result should a similar situation confront us in the future.

In the instant case, when the father received summons, he contacted his insurance company, whereupon counsel was retained in defense of the suit. The father's counsel appeared and answered by a general denial of all allegations of plaintiff's complaint. We do not know if counsel knew of the complicated fact situation, comprised of two individuals with the same name residing at the same address, etc., nor do we know whether counsel believed the father to have been the driver of the vehicle

which collided with appellant's vehicle. Our knowledge of these facts is not essential. It is enough to say that we can presume that counsel believed the father to be the operator and thus charged with negligence in the complaint; and the subsequent answer in general denial was, as aforesaid, standard practice. Counsel simply filed an answer, thereby preventing default. He was not required under present practice to do more, and he did not. This practice, however, will not suffice in the future. The Indiana Rules of Procedure, Trial Rule 11(a) states in part:

> "* * *. Every pleading or motion of a party represented by an attorney shall be signed by at least one (1) attorney of record in his individual name, * * *. The signature of an attorney constitutes a certificate by him that he has read the pleadings; that to the best of his knowledge, information, and belief, there is good ground to support it; and that it is not interposed for delay * * *."

Under the new rule counsel is required, under such facts as these, to do more than simply answer in general denial. Counsl is charged with the duty of consulting with his client and, upon learning facts which disclose improper service or other irregularities, said duty requires disgourgement of such facts to the court as opposed to their retention by counsel and answer in general denial. Thus, concealment of a defect in service, etc., or unusual circumstances, whether intentional or not, is prevented, and plaintiff's counsel will be able to remedy any defect without resort to procedural litigation. In short, the days of trial by combat are gone. New procedure requires full disclosure by counsel in order that procedural problems may be eliminated, thereby allowing a trial on the merits.

Additionally, we refer to the statute of limitations problem in this case. An analysis of the dates of the significant events discloses that at the time appellant learned of the existence of the two William Ralphs and of the appearance and answer of the father rather than the intended defendant son, the venue of the case was in a county different from that of the son's residence and the statute of limitations had run, thereby precluding dismissal as to the father and proper service of the son. Appellant's only remedy, therefore, and the proper remedy under present practice, was the procurement of alias summons. A significant change in Indiana procedure is found in Indiana Rules of Procedure, Trial Rule 3, which provides that a civil action is commenced with the filing of the complaint, as opposed to when summons is issued, as is the rule under present practice. Therefore, the statute of limitations problem is overcome and new summons against the son could be issued *at any time* subsequent to the filing of the complaint within the prescribed period of the statute of limitations. Harvey, Indiana Practice, Rules of Procedure, § 3.1 (West Publishing Co. 1969).

## CONCURRING OPINION.

HOFFMAN, J.—I completely concur with the reasoning and result of Judge Pfaff's opinion. I feel compelled to point out, however, that the "Note" reference to the new Indiana Rules of Civil Procedure is not binding on the court, nor does it influence the outcome in the instant case. Should such a situation arise again after the new rules become effective, this

court may avail itself of whatever interpretation it deems consistent with the rules.

NOTE.—Reported in 251 N. E. 2d 132.